IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAGUAR PREMIUM FINANCE CORP., a Texas corporation | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2:07cv1004-MEF |
| ALL-AMERICAN SHOWS, INC., an Alabama Corporation; JOHN T. ("TERRY") PORTEMONT, an individual; and THERESA PORTEMONT, an individual; | ) ) ) ) ) | |
| **Defendants.** | ) | |

### BRIEF IN SUPPORT
### OF MOTION FOR SUMMARY JUDGMENT

Plaintiff Jaguar Premium Finance Corporation ("Jaguar Premium") submits its Brief in Support of its Motion for Summary Judgment:

### Jurisdiction and Venue

The Court has subject matter jurisdiction over this action on the basis of diversity jurisdiction (28 U.S.C. §1332) because the parties are diverse and the amount in controversy exceeds $75,000. *See* Complaint and Kaliff Affidavit (Exhibit A to the Motion for Summary Judgment). Venue is proper pursuant to 28 U.S.C. § 81(b)(1). *See* Complaint and Answer.

### Standard for Summary Judgment

Pursuant to Rule 56, *FED.R.CIV.P..*, summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' *Martin v. City of Dothan*, 2008 WL 541289,

slip opinion p. 1 (M.D. Ala. 2008)(quoting Rule 56(c)). 'A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.' *Id.* (quoting *Chapman v. A1 Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000)).

The party seeking summary judgment bears the initial burden of demonstrating to the Court the basis for its motion and the evidence 'which it believes demonstrates the absence of any genuine issue of material fact.' *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). This burden can be met by either 'showing there is no dispute of material fact, or by showing the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.' *Id.* at pp. 1-2. Once this burden has been met, the party opposing summary judgment must 'go beyond the pleadings' and with its own evidence 'designate' the 'specific facts showing that there is a genuine issue for trial.' *Id.* at p. 2.

**Undisputed Facts**

Jaguar Premium, a Texas corporation, extended credit in June 2006 to defendant All-American Shows, Inc. ("All-American"), to enable it to purchase insurance coverage for its carnival business, and to re-finance the debt of All-American to Jaguar Premium for insurance premium costs for insurance coverage for the prior year. Affidavit of Mitchell H. Kaliff, President of Jaguar Premium at ¶3 (the "Kaliff Affidavit") (attached hereto as Exhibit A to the Motion for Summary Judgment and incorporated herein by reference). Specifically, All-American, by and through its President Terry Portemont, executed and delivered to Jaguar Premium that certain Commercial Premium Finance Agreement and Disclosure Statement in the original principal amount of $319,771.10 (the "Finance Agreement"). Kaliff Affidavit, ¶4 and Exhibit 1 (executed copy) and Exhibit 2 (more legible blank form copy).

As a result of this extension of credit by Jaguar Premium, All-American retained and maintained insurance coverage for its business for the period April 2006 to April 2007. Kaliff Affidavit, ¶5. As a condition to the extension of credit to All-American, Jaguar Premium required that Terry Portemont and Theresa Portemont, guaranty the payment of the debt of All-American to Jaguar Premium. Kaliff Affidavit, ¶8. As a result, Terry Portemont and Theresa Portemont executed and delivered to Jaguar Premium their personal guaranty agreement (the "Guaranty Agreement"). Kaliff Affidavit, ¶9 and Exhibit 3 (executed copy) and Exhibit 4 (more legible blank form copy).

As of February 29, 2008, after all due credits, defendants owe Jaguar Premium, the sum of $165,917.07 under the Finance Agreement and Guaranty Agreement, plus additional interest at the rate of $55.61 per day. Kaliff Affidavit, ¶11 & ¶12. The Finance Agreement and Guaranty Agreement also provide that defendants shall be responsible for Jaguar Premium's costs of collection, including but not limited to reasonable attorney's fee and expenses. As of February 29, 2008, Jaguar Premium has incurred costs of collection of $7,972 ($7,488 -- attorney's fees; $484 --expenses). Affidavit of Anne Stone Sumblin, ¶3 and 4 (attached as Exhibit B to the Motion for Summary Judgment and incorporated herein by reference); and Kaliff Affidavit, ¶13.

### **Summary Judgment Due to be Granted**

Jaguar Premium has met its burden of establishing that summary judgment is due to be entered against all defendants on the basis that no genuine issue of material fact exists and that summary judgment is due to be entered as a matter of law. Specifically, Jaguar Premium has established with its motion and affidavit the existence of two contracts (Premium Finance Agreement and Guaranty Agreement), the breach of both contracts by defendants, and the

amount due under each contract for the breach. *See* Motion for Summary Judgment. "It is well settled that when the terms of a contract are unambiguous, the contract's construction and legal effect become questions of law for the court, and, when appropriate, those questions can be decided by summary judgment." *Williams v. Bank of Oxford*, 523 So.2d 367, 369 (Ala. 1988).

As for the affirmative defenses raised by defendants in their joint Answer, the defenses have no merit and cannot be supported with substantial evidence to defeat Jaguar Premium's motion for summary judgment. Defendants' "Fifth Defense" asserts that Jaguar Premium "lacks capacity to sue" in Alabama because it is not "qualified to do business" in Alabama. Contrary to defendants' assertion, Alabama's "door-closing" statute, § 10-2B-15.02(a), CODE OF ALABAMA, does not prevent a foreign corporation that has not qualified to do business in Alabama from enforcing contracts in Alabama where its activities in the state are incidental to the transaction of interstate commerce. *Ex parte Sacha Baron Cohen (Martin v. Cohen)*, ___ So.2d ___, 2008 WL 162598, slip opinion, p. 3 (Ala. 2008)(citing *North Alabama Marine, Inc., v. Sea Ray Boats, Inc.*, 533 So.2d 598, 601 (Ala. 1988)). Clearly, interstate commerce and <u>not</u> an entirely intrastate activity are involved here where Jaguar Premium extended credit in Texas to All-American in Alabama to allow it to purchase insurance coverage through a Texas insurance agency for All-American's interstate carnival business. *See* Complaint, Answer, and Motion for Summary Judgment (and supporting material). Likewise, defendants cannot prove their affirmative defenses "Sixth" through "Ninth" with any substantial evidence sufficient to defeat Jaguar Premium's motion for summary judgment. *Id.*

**Conclusion**

Jaguar Premium has established that summary judgment is due to be entered against defendants under all counts of the Complaint because no genuine issue of material fact exists and summary judgment is due to be entered as a matter of law.

                                                Respectfully submitted,

                                                /s/ Anne Stone Sumblin
                                                Anne Stone Sumblin (SUMBA8358)
                                                Attorney for Plaintiff

OF COUNSEL:
Walston Wells & Birchall, LLP
Post Office Box 345
Kinston, AL  36453
Telephone: (334) 565-3380
Telecopier: (334) 565-3076
asumblin@oppcatv.com


**CERTIFICATE OF SERVICE**

      I hereby certify that on this 5th day of March, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will serve notification of such filing on the following:

James R. Clifton, Esq.
Albrittons, Clifton, Alverson, Moody & Bowden, P.C.
109 Opp Avenue
P.O. Drawer 880
Andalusia, AL 36420-0880

                                                /s/ Anne Stone Sumblin
                                                Of Counsel