IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAGUAR PREMIUM FINANCE CORPORATION, a Texas corporation | ) ) ) |
| PLAINTIFF, | ) ) |
| VS. | )   2:07-cv-1004-MEF ) |
| ALL-AMERICAN SHOWS, INC., an Alabama corporation, et al., | ) ) ) |
| DEFENDANTS. | ) |

## STIPULATION OF SETTLEMENT

Come now the Plaintiff, Jaguar Premium Finance Corporation ("Jaguar"), and Defendants, All-American Shows, Inc., John T. Portemont and Theresa Portemont, by and through their attorneys, and inform the Court that the above-styled matter has been settled in accordance with the terms set forth hereinafter and these parties request that the Court enter the Consent Judgment which is attached hereto.

The terms of the settlement are as follows:

1. That a judgment be entered against Defendant All-American Shows, Inc., and in favor of Jaguar in the amount of $174,945.66, plus interest from the date of this stipulation until the time of payment at 12% per annum.

2. That a judgment be entered against Defendant John T. Portemont and in favor of Jaguar in the amount of $174,945.66, plus interest from the date of this stipulation until the time of payment at 12% per annum.

      3.      That a judgment be entered against Defendant Theresa Portemont and in favor of Jaguar in the amount of $174,945.66, plus interest from the date of this stipulation until the time of payment at 12% per annum.

      4.      Each Defendant is individually liable for payment of the judgment referenced in paragraphs 1-3 above.  Pursuant to this stipulation, Defendants can satisfy the judgment according to the following terms: (i) payment of $25,000.00 (receipt acknowledged) and (ii) payment of $75,000.00 on or before 2:00 P.M. (CST) on 3/28/08 per paragraph 5 below, for a total payment of $100,000.00.

      5.      Payments made hereunder shall be made payable to Jaguar Premium Finance Corporation and delivered timely by wire transfers per wiring instructions previously delivered to Defendants or at such other place as Jaguar may designate.

      6.      That as long as the Defendants timely comply with the payment terms hereunder, Jaguar will not take any action to enforce the judgments referred to in paragraphs, 1, 2 and 3 above.  Said judgments may be satisfied in full by the Defendants paying the amount according to the terms agreed to in paragraphs 4 and 5 above and Jaguar will satisfy the judgements on the record as may be necessary no later than 91 days after the timely payment of $100,000.00 by the Defendants.

      7.      This stipulation and all amendments, supplements and extensions thereto and substitutions therefore shall be recorded, filed, rerecorded and refiled in such manner and in such places as Jaguar determines in its sole discretion.

      8.      In the event the Defendants fail to pay the agreed amounts according to the terms and conditions of paragraphs 4 and 5 above, then Jaguar shall be entitled to enforce the judgments set out above against the above parties by whatever means authorized by law, after

giving credit for any payments made. Further, failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default.

9.  In the event of default, the balance owing to Jaguar under each judgment shall bear interest at the rate of twelve per cent (12%) per annum.

10. In the event of default or bankruptcy filing by or against any of the Defendants, Jaguar shall have the right to exercise all rights and remidies of a judgment creditor under state and federal law.

11. Defendants affirmatively represent that they are not now insolvent and will not become insolvent as a result of the effectuation of this stipulation and any payments related thereto.

12. It is hereby certified that all parties agree to this Stipulation and proposed Order.

DATED this 24th day of March, 2008.

                                              s/ Anne Stone Sumblin
                                              Anne Stone Sumblin (SUMBA8358)
                                              Attorney for Plaintiff

OF COUNSEL:

Walston Wells & Birchall, LLP
Post Office Box 345
Kinston, Alabama 36453
Telephone: 334-565-3380
Fax: 334-565-3076
Email: asumblin@oppcatv.com

                                              s/James R. Clifton
                                              James R. Clifton    (Clif006)
                                              Attorney for Defendants

OF COUNSEL:

Albrittons, Clifton, Alverson, Moody,
& Bowden, PC
P. O. Box 880
Andalusia, Alabama 36420

Telephone: 334-222-3177
Fax: 334-222-2696
Email: rclifton@albrittons.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JAGUAR PREMIUM FINANCE CORPORATION**, a Texas corporation | ) ) ) |
| PLAINTIFF, | ) ) |
| VS. | )     2:07-cv-1004-MEF ) |
| **ALL-AMERICAN SHOWS, INC.**, an Alabama corporation, et al., | ) ) ) |
| DEFENDANTS. | ) |

## CONSENT JUDGMENT

This matter came to be heard on the Stipulation of Settlement filed by Plaintiff, Jaguar Premium Finance Corporation ("Jaguar"), and Defendants, All-American Shows, Inc., John T. Portemont and Theresa Portemont, by and through their respective attorneys, and the Court, having considered the stipulation, does hereby

**ORDER, ADJUDGE, AND DECREE** that Jaguar have and recover from the Defendant All-American Shows, Inc. a judgment in the amount of $174,945.66; and it is further

**ORDERED, ADJUDGED, AND DECREED** that Jaguar have and recover from the Defendant John T. Portemont a judgment in the amount of $174,945.66; and it is further

**ORDERED, ADJUDGED, AND DECREED** that Jaguar have and recover from the Defendant Theresa Portemont a judgment in the amount of $174,945.66 and it is further

**ORDERED, ADJUDGED, AND DECREED** that execution on these judgments shall be suspended as long as Defendants All-American Shows, Inc., John T. Portemont and Theresa Portemont comply with the terms of the Stipulation of Settlement filed herein. Each party to bear their own costs.

**DONE AND ORDERED** this _____ day of March, 2008.

_____
Chief United States District Judge